UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

HERMAN AGUIRRE,

         Defendant.

15-CR-143
DECISION AND ORDER

---

On December 20, 2018, a jury convicted the defendant, Herman Aguirre, of two conspiracy counts, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 1956(h), and one count of engaging in a continuing criminal enterprise ("CCE"), in violation of 21 U.S.C. § 848. Docket Item 913. Aguirre now moves for a judgment of acquittal under Fed. R. Cr. P. 29 on the CCE count or, in the alternative, a new trial on the CCE count under Fed. R. Cr. P. 33 "in the interest of justice" and "to avert a perceived miscarriage of justice." *See* Docket Item 1013.

Aguirre's Rule 29 motion is limited to the fifth element of the CCE charge: that the defendant derived substantial income or resources from the continuing series of federal drug law violations that constituted the CCE. *Id.* More specifically, Aguirre argues that the evidence was insufficient to "prove that Aguirre *actually* obtained substantial income from his narcotics activities." *Id.* at 2 (emphasis in original). In support of his Rule 33 motion, Aguirre relies on the same arguments made in support of his Rule 29 motion, as well as the broad discretion given to courts "to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice." *Id.* at 7

(internal citation omitted). Because the circumstantial and direct evidence was more than sufficient to support the verdict on the CCE count, Aguirre's motions are denied.

## DISCUSSION

### Rule 29 Motion

The government presented both direct and circumstantial evidence of Aguirre's income from narcotics activities. As to direct evidence, the government offered proof that Aguirre himself deposited funds and cashed checks received from drug sales. *See* Docket Item 967 and Government Trial Exhibit 310. For example, Greg Tremaglio, the Special Agent in Charge of Special Investigations for the Financial Crimes Enforcement Network ("FINCEN"), testified that on June 17, 2013, a negotiable instrument was cashed for $11,124.00 and that the individual and entity involved in the transaction was Herman Aguirre and Pro Source Distribution, one of Aguirre's companies. Docket Item 967 at 11; Government Trial Exhibit 310 at 1. And the proof included a number of other occasions when Aguirre himself was personally involved in similar financial transactions.

Moreover, the government presented proof of Aguirre's comfortable life style despite the financial problems of his legitimate businesses: Broadway Solutions, Safety Source, and Pro Source Distribution. For example, Sonia Hernandez testified that Aguirre operated legitimate businesses that had fallen on hard times. Specifically, she testified that in 2011, she started to see IRS liens come over the fax machine and she had problems cashing her payroll checks. Docket Item 869 at 11-15. Hernandez testified that most employees eventually were laid off, and the businesses closed and filed for bankruptcy. *Id.* But Aguirre nevertheless owned a lovely home with a private

bar area and wine refrigerator; a luxurious master bath; walk-in closets; and multiple high-end pieces of electronic equipment. Docket Item 929 and Government Trial Exhibits 115A-115W. In a search of Aguirre's property, law enforcement found a safe with jewelry; boxes from high-end retailers including Tiffany, Gucci, and Movado; and cash. *See* Government Trial Exhibits 115S-115W. In fact, Aguirre had more than $10,000 with him when he was arrested. Docket Item 929 at 20.

The CCE statute "does not prescribe the minimum amount of money required to constitute 'substantial' income, but the language clearly was intended to exclude trivial amounts derived from occasional drug sales." *United States v. Losada*, 674 F.2d 167, 173 (2d Cir. 1982). In the Second Circuit, "trivial" means trivial: $2,000 in income "is not so insignificant as to render the statute inapplicable." *Id*. Likewise, evidence that a defendant "dealt in tens of thousands of dollars worth of narcotics," and on one occasion received $10,000, "[c]learly" is enough for a jury to reasonably conclude that the defendant "derived substantial income from his narcotics activities." *United States v. Casamento*, 887 F.2d 1141,1159 (2d Cir. 1989).

In light of the Second Circuit case law, the proof here was more than sufficient. Aguirre had $10,000 on his person when arrested—well over the $2,000 threshold in *Losada*. He personally made cash deposits of tens of thousands of dollars, *see, e.g.*, Government Trial Exhibits 173, 174, 214A and 310: June 26, 2013 - $93,000.00; June 27, 2013 - $190,000.00; June 28, 2013 - $179,900.00; July 11, 2013 - $208,940.00, and while there was no proof of how much of that money ended up in Aguirre's pocket, the jury certainly had enough proof from which to infer that his share constituted substantial

income.  *Cf.*, *Casamento*, 887 F.2d at 1159 ("deal[ing] in tens of thousands of dollars worth of narcotics" is sufficient to prove substantial income).

At oral argument, counsel for Aguirre suggested that creative arguments by counsel together with a courageous district judge could correct errors in the law.[1]  That may well be so.  But this Court nevertheless is hard pressed to see how the evidence here—$19 million in narcotics sales by an organization headed at least part of the time by Aguirre—was insufficient to meet an undefined requirement of "substantial" income.  By any measure, the evidence—and any inferences about Aguirre's income—were sufficient.  His Rule 29 motion is denied.

**Rule 33 Motion**

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  "A district court should grant a new trial motion if it is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice."  *United States v. Landau*, 155 F.3d 93, 104 (2d Cir. 1998) (quotation omitted).  When considering a motion for a new trial, a district judge "is free to weigh the evidence himself and need not view it in the light most favorable to the verdict winner."  *Id.* (quotation omitted); *see also United States v. Sanchez*, 969 F.2d 1409, 1413 (2d Cir. 1992) (stating that a court also may make determinations as to witness credibility).  But while courts have greater deference under Rule 33 than Rule 29, they still must exercise their authority under Rule 33 "sparingly" and only in "the most extraordinary of circumstances"; in other words, there

---

[1] Aguirre argues that this case law is "disastrous" and "simply wrong."  Docket Item 1013 at 3.  If that is so, it is a conclusion that the Second Circuit or the Supreme Court, not this Court, must reach.

4

must be a real concern that an innocent person may have been convicted. *Sanchez*, 969 F.2d at 1414.

For the same reasons that this Court found the evidence sufficient to sustain Aguirre's conviction on the CCE count, it does not find his Rule 33 argument persuasive. *See supra*. For that reason, Aguirre is not entitled to a new trial on that ground, nor is he entitled to a new trial in the interest of justice.

## **CONCLUSION**

For the reasons stated above, Aguirre's Rule 29 and Rule 33 motions, Docket Item 1013, are denied.

SO ORDERED.

Dated: June 11, 2019
Buffalo, New York

      *s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE